J-S25042-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FREDERICK ALAN VANTASSEL, | |
| Appellant | No. 2026 WDA 2014 |

Appeal from the PCRA Order August 19, 2014
in the Court of Common Pleas of Allegheny County
Criminal Division at No.: CP-02-CR-0011256-1999

BEFORE: BENDER, P.J.E., STABILE, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED MAY 06, 2015**

Appellant, Frederick Alan Vantassel, appeals *pro se* from the order[1] dismissing his fifth petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely. We affirm.

We take the relevant procedural and factual history of this case from the PCRA court's January 9, 2015 opinion and our independent review of the record. On January 13, 2000, following a three-day trial, a jury found Appellant guilty of first-degree murder and criminal conspiracy.[2] The conviction stemmed from Appellant's stabbing to death of the victim,

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The order appealed from is dated August 18, 2014, but was filed on August 19, 2014. We have amended the caption accordingly.

[2] 18 Pa.C.S.A. §§ 2502(a) and 903(a)(1), respectively.

Leonard Kindsvater, using a machete and butcher knife. On February 15, 2000, the trial court sentenced Appellant to a term of life imprisonment. This Court affirmed the judgment of sentence on July 6, 2001, and our Supreme Court denied Appellant's petition for allowance of appeal on December 31, 2001. (*See Commonwealth v. Vantassel*, 782 A.2d 1060 (Pa. Super. 2001) (unpublished memorandum), *appeal denied*, 792 A.2d 1253 (Pa. 2001)).

On September 6, 2002, Appellant, acting *pro se*, filed his first PCRA petition. Appointed counsel filed an amended petition on December 17, 2002. The PCRA court dismissed the petition on April 9, 2003, and this Court affirmed the court's order on July 1, 2004. Our Supreme Court denied Appellant's petition for allowance of appeal on January 11, 2005. (*See Commonwealth v. Vantassel*, 858 A.2d 1284 (Pa. Super. 2004) (unpublished memorandum), *appeal denied*, 867 A.2d 523 (Pa. 2005)).

On August 4, 2008, Appellant filed his second *pro se* PCRA petition, which the court dismissed on November 19, 2008. Appellant did not file an appeal.

On February 25, 2009, Appellant filed a *pro se* "Motion in Support of Mandamus Action," which the court treated as a third PCRA petition. The PCRA court dismissed the petition on March 25, 2009, and this Court affirmed the court's order on August 25, 2010. Our Supreme Court denied Appellant's petition for allowance of appeal on March 30, 2011. (*See*

***Commonwealth v. Vantassel***, 11 A.3d 1038 (Pa. Super. 2010) (unpublished memorandum), *appeal denied*, 20 A.3d 487 (Pa. 2011)).

On January 26, 2011, Appellant filed a fourth *pro se* PCRA petition. The PCRA court noted that Appellant's appeal of his third petition was still pending, and it dismissed the fourth petition on February 17, 2011.

On May 20, 2011, Appellant filed the instant *pro se* PCRA petition, his fifth. Appellant's claims in the petition relate to the allegedly lenient terms of the January 2000 guilty plea agreement entered by his co-defendant and former girlfriend Diana Wilson, in exchange for her testimony at Appellant's trial.[3] The PCRA court issued notice of its intent to dismiss the petition without a hearing on July 23, 2014, ***see*** Pa.R.Crim.P. 907(1), and filed its order dismissing the petition on August 19, 2014. This timely appeal followed.[4]

---

[3] Ms. Wilson is also referred to by her maiden name, Diana Workman, in the record. (***See*** N.T. Trial, 1/12/00, at 161; PCRA Court Opinion, 1/09/15, at 4).

[4] Appellant did not file a Rule 1925(b) statement as ordered by the PCRA court. ***See*** Pa.R.A.P 1925(b); (***see also*** PCRA Ct. Op., at 3 n.4). On January 9, 2015, the PCRA court entered an opinion, ***see*** Pa.R.A.P 1925(a), and appended to it a document apparently forwarded to it by Appellant, titled "Petition for Permission to Amend 1925(b) Statement." (***See*** PCRA Ct. Op., attachment). This document is not listed on the criminal docket as a separate docket entry; it is included only as an attachment to the PCRA court's opinion. (***See*** Criminal Docket, at 20). The document does not resemble a proper Rule 1925(b) statement; is nearly unintelligible, and lodges various allegations against the PCRA court. (***See*** PCRA Ct. Op., attachment at unnumbered page 1) (claiming, *inter alia*, that the PCRA court judge "had committed fraud upon the court[.]").

Appellant raises the following issue for our review:

1. Whether failure to grant a[n] evidentiary hearing on the merits of after-discovered evidence under the PCRA filed against the 2000 opinion of the Hon Daniel [sic] which documents found by [A]ppellant the court's [sic] violated his right under the Fifth and Fourteenth Amendment to the U.S. Constitution and Art. 1, sec 9&10 of the Pennsylvania Constitution pursuant to the withholding of pleas arrangement taken a day before witness was called that wasn't turned over to defense of his co[-]defendant plea negotiation in exchange for several years the Hon. Jo Daniel [sic] defend the prosecution never existed, as well as trying to dismiss the claim as newly discovered[?]

(Appellant's Brief, at 3).

Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Barndt***, 74 A.3d 185, 191-92 (Pa. Super. 2013)

(citations and quotation marks omitted).

"[W]e must first consider the timeliness of Appellant's PCRA petition

because it implicates the jurisdiction of this Court and the PCRA court."

***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citation

omitted).

A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S.[A.] § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of

the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions. . . .

*Commonwealth v. Jones*, 54 A.3d 14, 16-17 (Pa. 2012) (case citations and footnote omitted).

In the instant case, Appellant's judgment of sentence became final on April 1, 2002, when his time to file a petition for writ of *certiorari* with the United States Supreme Court expired.[5]  **See** U.S. Sup.Ct. R. 13; 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had one year from that date to file a petition for collateral relief, specifically, until April 1, 2003. **See** 42 Pa.C.S.A. § 9545(b)(1). Because Appellant filed the instant petition on May 20, 2011, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. **See id.** at § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides only three limited exceptions that allow for review of an untimely PCRA petition:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

_____

[5] The last day of the ninety-day period, March 31, 2002, fell on a Sunday. Accordingly, Appellant had until that Monday to file a petition for writ of *certiorari.* **See** 1 Pa.C.S.A. § 1908.

- 5 -

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).  In addition, a PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claim could have been presented."  42 Pa.C.S.A. § 9545(b)(2).

Here, Appellant contends that two of the exceptions to the PCRA's timeliness requirement are applicable to his case, specifically, the governmental interference and after-discovered facts exceptions.  (**See** Appellant's Brief, at 8-12; PCRA Petition, 5/20/11, at 2-3); **see also** 42 Pa.C.S.A. § 9545(b)(1)(i)-(ii).  In support of these claims, he points to the guilty plea agreement entered by his co-defendant, Diana Wilson, and asserts that the trial court and the Commonwealth withheld from him the terms agreed to in exchange for her testimony at his trial.  (**See** Appellant's Brief, at 9; PCRA Petition, 5/20/11, at 7-8).  He claims he first learned of the terms of the plea agreement on January 23, 2011, and that he is entitled to an evidentiary hearing on this issue.  (**See** Appellant's Brief, at 8, 12).  We disagree.

Preliminarily, we "note that a PCRA petitioner is not automatically entitled to an evidentiary hearing."  **Miller**, **supra** at 992 (citation omitted).  "It is within the PCRA court's discretion to decline to hold a hearing if the

petitioner's claim is patently frivolous and has no support either in the record or other evidence." *Id.* (citation omitted).

To fall within the governmental interference exception, a PCRA "petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008) (citation omitted). The after-discovered facts exception requires the facts upon which the claim is predicated "were not previously known to the petitioner and could not have been ascertained through due diligence." *Id.* (citation omitted). The PCRA creates a three-part test for the after-discovered facts exception: "1) the discovery of an unknown fact; 2) the fact could not have been learned by the exercise of due diligence; and 3) the petition for relief was filed within 60 days of the date that the claim could have been presented." *Commonwealth v. Smith*, 35 A.3d 766, 771 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012) (emphasis omitted).

Here, although Appellant claims that he first learned of the "after-discovered evidence" of the terms of Wilson's plea agreement on January 23, 2011, and that his failure to raise the claim previously was the result of governmental interference, (Appellant's Brief, at 8; *see id.* at 8-9), a review of the record belies these claims. Specifically, the record reflects that Appellant previously discussed this same issue related to Wilson's allegedly

lenient plea agreement in exchange for her testimony at his trial during his second PCRA proceeding in 2008. (*See* PCRA Petition, 8/04/08, at 3; *see also* Commonwealth's Brief, at 18). Appended to Appellant's 2008 PCRA petition is an affidavit signed by Wilson dated January 23, 2001 averring that "[i]n return for my testimony in this matter the Commonwealth of Pennsylvania agreed to reduce my charges[.]" (PCRA Petition, 8/04/08, Appendix A). Thus, the record shows that Appellant's alleged date of discovery of this issue, January 23, 2011, is not credible.

Furthermore, our Supreme Court has held that "matters of public record are not unknown." *Commonwealth v. Taylor*, 67 A.3d 1245, 1248 (Pa. 2013), *cert. denied*, 134 S.Ct. 2695 (2014) (citations omitted); *see also Commonwealth v. Edmiston*, 65 A.3d 339, 352 (Pa. 2013), *cert. denied*, 134 S. Ct. 639 (2013) ("[T]o constitute facts which were unknown to a petitioner and could not have been ascertained by the exercise of due diligence, the information must not be of public record[.] . . . "). Wilson's guilty plea proceeding is a matter of public record and was accessible to Appellant in 2000 when she entered the plea.

Finally, as the PCRA court noted, even accepting as accurate Appellant's claimed date of discovery, January 23, 2011, the instant petition dated May 17, 2011 and filed on May 20, 2011 is still untimely for his failure

to file it within sixty days, by March 24, 2011. ***See*** 42 Pa.C.S.A. § 9545(b)(2); (***see also*** PCRA Ct. Op., at 5).[6]

After review, we conclude that Appellant has not met his burden of proving his untimely petition fits within one of the three exceptions to the PCRA's time-bar. ***See Jones***, ***supra*** at 17. Because Appellant presented no genuine issue of material fact concerning the timeliness of his petition, the PCRA court properly dismissed it without a hearing based on its determination that it was untimely with no exception to the time-bar pleaded or proven. ***See Miller***, ***supra*** at 992. Accordingly, we affirm the order of the PCRA court.[7]

_____

[6] Appellant's reliance on ***Commonwealth v. Davis***, 86 A.3d 883 (Pa. Super. 2014), is misplaced. (***See*** Appellant's Brief, at 10). In ***Davis***, this Court determined that the appellant proved the applicability of the governmental interference and after-discovered facts exceptions. ***See Davis***, ***supra*** at 891. In that case, the appellant received new evidence in the form of an affidavit signed by a Commonwealth witness averring that he had fabricated his testimony that the appellant had confessed to shooting the victim. ***See id.*** at 888. The appellant filed his PCRA petition within sixty days of receiving the affidavit, and while the petition was pending, he learned that the witness perjured himself by denying having made any deals with the Commonwealth in exchange for his testimony. ***See id.*** at 888-91. This Court determined that, although the witness's sentencing hearing was a matter of public record, under the specific facts of the case, Davis exercised due diligence in discovering the evidence at issue. ***See id.*** at 890-91. The facts of the instant case are inapposite to those in ***Davis***, where the record reflects Appellant was aware of the terms of Wilson's plea agreement well before January 23, 2011, and he failed to file his petition within sixty days of his alleged date of discovery.

[7] We note that, even if we had jurisdiction to review the merits of Appellant's PCRA petition, he waived all issues on appeal for failure to file a Rule 1925(b) statement as ordered by the PCRA court. ***See*** Pa.R.A.P.
*(Footnote Continued Next Page)*

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/6/2015

---

*(Footnote Continued)*

1925(b)(3)(iv), (4)(vii); **see also Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224-25 (Pa. Super. 2014) (*en banc*); **Commonwealth v. Hill**, 16 A.3d 484, 493 (Pa. 2011) ("[T]here can be no question that all of appellant's issues are waived due to [his] failure to file and serve a Rule 1925(b) statement, as ordered.").